# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 24-00220 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WALTER ALEXANDER, JR. | MAGISTRATE JUDGE AYO |

## MEMORANDUM ORDER

Before the Court are Defendant Walter Alexander, Jr.'s ("Alexander") *pro se* Motion to Suppress Unlawfully Obtained Evidence (Record Document 56) and Motion for Emergency Consideration and Expedited Hearing (Record Document 57). For the reasons set forth below, both motions are **DENIED**.

## FACTUAL BACKGROUND

This matter is a pending criminal action in which Alexander is currently represented by counsel. At all relevant times, defense counsel has remained enrolled as attorney of record. Notwithstanding his represented status, Alexander filed the instant motions *pro se*. In these filings, Alexander seeks suppression of evidence and expedited consideration of his request for release, raising various constitutional and procedural challenges related to his arrest, urinalysis testing, and detention status.

The Government filed a response in opposition (Record Document 65), arguing that the motions should be denied on procedural grounds because a represented defendant has no right to hybrid representation and may not file *pro se* motions while represented by counsel.

## ANALYSIS

A criminal defendant has a constitutional right to proceed *pro se*. See <u>Faretta v. California</u>, 422 U.S. 806, 819–21 (1975). To invoke the right of self-representation, a defendant must clearly and unequivocally waive the right to counsel, and the Court must determine that such waiver is knowing and voluntary. See <u>United States v. Long</u>, 597 F.3d 720, 724 (5th Cir. 2010). However, "[t]here is no constitutional right to hybrid representations whereby the defendant and his attorney act as co-counsel." <u>Id.</u>

Here, Alexander is represented by counsel and has not waived that representation. Because Alexander has no right to hybrid representation, his *pro se* motions are procedurally improper. The Court therefore declines to consider the merits of the arguments raised within the motions and **DENIES** both the Motion to Suppress (Record Document 56) and the Motion for Emergency Consideration and Expedited Hearing (Record Document 57).

## CONCLUSION

For the reasons explained above,

**IT IS ORDERED** that Alexander's *pro se* Motion to Suppress Unlawfully Obtained Evidence (Record Document 56) is **DENIED**.

**IT IS FURTHER ORDERED** that Alexander's Motion for Emergency Consideration and Expedited Hearing (Record Document 57) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of December, 2025.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE